IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER MCNEAL, SR.,** *et al.*,

    **Petitioners,**

v.

    Case No. 3:21-CV-139-NJR

**SHERIFF RICHARD WATSON,**

    **Respondent.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Christopher McNeal, Sr., along with 29 other inmates of the St. Clair County Jail, bring this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioners seek to initiate a class action with McNeal as their class representative and state they are suffering cruel and unusual punishment (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Here, the petition must be dismissed. A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2254 when a petitioner is challenging the fact or duration of confinement, and if he seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490, (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Habeas relief

may be granted where the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). In contrast, a civil rights action is the proper vehicle for a challenge to the conditions of a prisoner's confinement, including an alleged violation of a prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *See Preiser*, 411 U.S. at 499.

Here, Petitioners are not challenging the fact or duration of their confinement, and the relief they seek would not affect the duration of their confinement. For state prisoners like Petitioners, the proper vehicle for a claim such as this is an action under 28 U.S.C. § 1983—not a habeas corpus petition under 28 U.S.C. § 2254.

Without making any decision on the merits of Petitioners' claim, the Court must dismiss the habeas petition because it fails to state a claim for habeas relief. The Court cannot simply convert the Section 2254 petition into a Section 1983 complaint. *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005). As directed by the Seventh Circuit in *Glaus*, 408 F.3d at 389-390, Petitioners are informed of the following:

1. This Court is not making any decision on the merits of their claim and is not deciding whether the facts alleged in the petition would state a cause of action under Section 1983.

2. Petitioners may refile their claim under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits and requiring payment of a filing fee. That complaint would again be subject to preliminary review.

3. If Petitioners refile their claim as a Section 1983 action, they may be assessed a "strike" under 28 U.S.C.A. § 1915(g) if that action is dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

For these reasons, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED without prejudice**. All other pending motions are D**ENIED as moot**.

A certificate of appealability is required to appeal from the dismissal or denial of a Section 2254 petition. See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Except in special circumstances, a dismissal without prejudice is not a final appealable order, so a certificate of appealability is not required. *See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004). However, because this action was brought under the wrong statute, the Court finds that this matter presents special circumstances, and this dismissal Order should be final and appealable. Yet, because Petitioners have no basis for a determination that the Court's decision is debatable or incorrect, Petitioners have not made "a substantial showing of the denial of a constitutional right[,]" 28 U.S.C § 2253, and a certificate of appealability shall **NOT** issue.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

If Petitioners wish to appeal the dismissal of this action, the notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioners plan to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioners do choose to appeal and are allowed to proceed IFP, they will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on their prison trust fund account records

for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

DATED: March 2, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**